*Wm. R. Smith* and *Lin Bartholomew*, Esqrs., for plaintiff in error; *Hughes & Farquhar* for defendant in error.

*Twenty-third Judicial District.*

## In the Court of Common Pleas of Berks County.

### COUNTY OF BERKS *v.* SMITH.

It is the duty of the court merely to ascertain the meaning of the law as it stands on the statute books. Courts must content themselves with ascertaining, by the best lights afforded them, the intention of the law giver from the language he has employed.

In passing the Act of April 4th, 1868, entitled "An Act to promote the improve-ment of real estate by exempting mortgages and other money securities from taxation, except for State purposes," it is manifest that the object of the Legislature was to free from taxation all moneys owing upon all mortgages, judgments and recognizances. The opposite construction would leave the statute subject to the charge of creating inequality in taxation in cases where a note or common bond may have been taken in payment of real estate sold.

Case Stated.

Opinion by

WOODWARD, P. J. This controversy arises under the act of the 4th of April, 1868, "to promote the improvement of real estate by exempting mortgages and other money securities from taxation except for state pur-poses." There are some inherent and intrinsic difficulties in the con-struction of this act, and the embarrassment its language creates is in-creased by the conflict in the practice under it in the different counties to which it has been extended. The terms of the enactment provide for the exemption from all taxation except for state purposes, of "all mortgages, judgments, recognizances and moneys owing upon articles of agreement for the sale of real estate." The words used in the description of the last of the exempted securities in connection with the object of the law as expressed in the title to "promote the improvement of real estate" are re-lied on in some of the counties of the state as warranting a construction that should limit the exemption to such only of the specified securities as are found to have been given for the purchase-money of land. It is claimed that as mere securities for moneys lent, mortgages and judgments could have been designed by the legislature to have no preference over

a common bond, a sealed note or a simple contract.  Such a distinction, it is argued, would be purely arbitrary, and unfounded in any meritorious or equal principle of taxation.

It is the duty of the court merely to ascertain the meaning of the law as it stands on the statute book.  Admitting all the evils of special and exceptional legislation—and it is hardly possible that any instance of such legislation can be free from some injustice—courts must content themselves with ascertaining, by the best lights afforded them, the intention of the law-giver from the language he has employed.  The history of this statute can be traced in the pages of the *Legislative Record* for 1868.  As originally presented it proposed to exempt mortgages given for the purchase-money of real estate, not exceeding three thousand dollars, from all taxation.  By various modifications it was made to assume its present shape, and the debates upon the original bill and the different amendments offered to it, abundantly prove that the purpose of the modification was to extend the exemption to all the securities mentioned, whether given in payment for land or not.  This fact would have to be disregarded, of course, if the language of the law itself required its limitation to the extent to which the plaintiffs insist it should be confined.  But it is not clear even in view of the phraseology employed in the title that the exemption of the specified securities should be held to be general.  What are the objects exempted ?  First, a series of securities consisting of mortgages, judgments and recognizances, and then not another class of securities, but *moneys owing upon* articles of agreement for the sale of real estate.  There would be reason for applying the qualification contained in the final words to the three first classes if the last class followed them in unbroken grammatical collocation.  The necessary effect of the formula used in the statute is readily ascertained by inverting the order of the sentence containing the descriptive clause.  If the provision had been for exempting moneys owing upon articles of agreement for the sale of real estate mortgages, judgments and recognizances from taxation, there would be no room for doubt that the intention was that the law should apply generally to the last classes of securities, and not to those which were given for purchase-money alone.  It seems manifest that the object of the legislature was to free from taxation all moneys owing upon all mortgages, judgments and recognizances.

The opposite construction would still leave the statute subject to the charge of creating inequality in taxation in cases where a note or common bond may have been taken in payment of real estate sold.  The objection would not exist to the same extent, but it would still exist.

It is doubtful if the exemption provided for was confined to securities given for the purchase-money of real estate, whether it could apply to any class of securities known as "recognizances" in Pennsylvania.  In no ordinary or legitimate sense can the money secured by such recogni-

· zances be regarded as purchase-money. The owelty and the widow's thirds produced by proceedings in partition are stamped with no such character. They are not the price of land for which the parties have stipulated. They are the claims which a judicial inquiry has ascertained to be due to parties in interest, and the electing party takes the land under an allotment by the court, subject to the payment of these claims. If the statute in question only applied to purchase-money debts, it would be a strange construction that would bring owelty and statutory dower within its terms.

In an inquiry like this there is but one safe course. It is to assume that the legislature have meant just what they have said, and to attribute a natural and obvious meaning to plain words. In order to hold the defendant for this tax, the legislative text would require the interpolation of new terms, and would become so distorted as to make it in substance a new law.

Judgment is entered for the defendant.

*J. B. Bechtel,* Esq., for plaintiff ; *F. Leaf Smith,* Esq., for defendant.